IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, #257 588, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-710-WKW |
| | ) | [WO] |
| RONALD HALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 action against District Attorney Douglas Valeska and Agent Ronald Hall. Plaintiff claims Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments by conspiring to frame him for the death of Tanisha Norton, fabricating his arrest for her murder, arresting him without probable cause, and suppressing favorable evidence. Alleging Defendants are illegally confining him for a murder he did not commit, Plaintiff seeks declaratory relief and "any and all relief" for the alleged constitutional violations.  Upon review, the court concludes that dismissal of Plaintiff's complaint against Defendant Valeska prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff challenges Defendant Valeska's conduct in initiating and prosecuting criminal proceedings against him for murder. "A prosecutor is entitled to absolute immunity for all actions

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id*. at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Valeska arise from this defendant's role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Valeska is, therefore, "entitled to absolute immunity for that conduct." *Id*. Moreover, Plaintiff's complaint fails to show he is entitled to declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court proceedings relating to his pending murder charges before the state court. *See Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir. 2000);

*Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). Thus, Plaintiff's complaint against Defendant Valeska is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i-iii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against Defendant Doug Valeska be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2.  Defendant Valeska be DISMISSED as a party to the complaint; and

3.   This case be referred to the undersigned for further proceedings against the remaining defendant.

 It is further

ORDERED that **on or before September 23, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 7th day of September 2016.

>/s/Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES MAGISTRATE JUDGE